GENERAL HOTEL OPERATING CO., Inc., v. HUNTER.

No. 30972. June 29, 1943.

*139 P. 2d 808.*

W. C. Alley, of Okmulgee, for plaintiff in error.

Harry D. Pitchford, of Okmulgee, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error against plaintiff in error in an action based upon an alleged oral contract alleged to have been entered into between plaintiff and defendant, whereby plaintiff was employed as manager of the restaurant referred to as the "Ranch Coffee Shop" and the dining room in the Parkinson Hotel in the city of Okmulgee, Okla., owned and operated by defendant.

The alleged contract was for a period of one year. Plaintiff alleged that defendant agreed to pay her a salary of

$50 per month, room and board, and a reasonable commission on the gross income of the business, provided that under her management and control she could increase the business thereof, and that the gross income was to be figured and the commission paid at the end of the year. Plaintiff alleged that she performed the contract and managed the business for one year, and that the gross sales of the business during that period were $20,000, and that 5 per cent thereof was a reasonable commission amounting to $1,000; that she had been paid $30 thereon, leaving a balance of $970, for which she prayed judgment. Defendant answered by way of general denial. The issues were tried to a jury, resulting in a verdict for plaintiff, fixing the amount of recovery at 3 per cent, or $600. Judgment was entered on the verdict, and after unsuccessful motion for new trial, defendant appeals.

As grounds for reversal, defendant asserts that the verdict of the jury and the judgment of the court are not sustained by the evidence and that the verdict and judgment are contrary to the evidence and the law.

There is no contention but that there was an agreement whereby plaintiff was employed by defendant. Only two issues are involved: First, whether the contract of employment provided for a reasonable commission on the gross income of the business in addition to the salary of $50 per month and room and board; and, second, whether the business of defendant was increased during the period of plaintiff's employment.

Defendant contends that there is no competent evidence to prove the latter issue. With this contention we cannot agree. There is evidence tending to show that defendant's business was increased under the management of plaintiff. In fact, there were letters introduced in evidence written and signed by the president of the defendant company admitting such increase in business, one of which was dated December 6, 1940, addressed to plaintiff at Okmulgee, Okla., wherein, among other things, the president stated:

"Also am glad to hear about your business being on the increase and— keep up the good work."

The issues were submitted to the jury under instructions fairly presenting the law.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.